IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| EMORY T. JONES, | : |
| Petitioner, | : |
| v. | : CASE NO.: 1:24-CV-99 (LAG) |
| WARDEN ROY ODUM, | : |
| Respondent. | : |

# ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (R&R) (Doc. 18), dated December 12, 2024, recommending that the Court grant Respondent's Motion to Dismiss Petition as Untimely (Doc. 14), and Petitioner's Objections to the R&R (Doc. 19). In the R&R, the Magistrate Judge recommends that the Court dismiss Petitioner's Petition for Writ of Habeas Corpus (Petition) (Docs. 1, 11) without prejudice as untimely under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244. (Doc. 19 at 2–5).

AEDPA's one year statute of limitations runs from "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of time for seeking review[.]" 28 U.S.C. § 2244(d)(1)(A). On September 15, 2024, Petitioner pleaded guilty to one count of felony murder, one count of armed robbery, and one count of possession of a firearm during the commission of a felony and was sentenced in Dougherty County. (Doc. 15-2; Doc. 15-4 at 2–3). Under O.C.G.A. § 5-6-38(a), Petitioner was required to file a notice of appeal within thirty days of the entry of the final disposition on September 16, 2014. (*See* Doc. 15-2). Defendant did not timely file a notice of appeal. (Doc. 15-4 at 3). Eight years later, Defendant filed a state habeas petition in the Superior Court of Ware County on November 7, 2022, and the petition was dismissed as untimely under Georgia's four-year statute of limitations for filing habeas petitions.

(Doc. 15-3 at 1; Doc. 15-4). Defendant then filed a federal habeas petition in this Court on July 1, 2024. (Doc. 1). Respondent filed a Motion to Dismiss the Petition as Untimely under AEDPA on October 15, 2024. (Doc. 14).

In the R&R recommending dismissal, the Magistrate Judge explained that Petitioner's conviction became final for purposes of AEDPA on October 16, 2014, thirty days after the final disposition in his case. (Doc. 18 at 2). The Magistrate Judge found that the Petition was time barred because Petitioner did not file the Petition until June 13, 2024, ten years after his conviction. (*Id.* at 2–3). The Magistrate Judge further found that equitable tolling does not apply to this case. (*Id.* at 3–4). Petitioner argues that he was entitled to equitable tolling because his attorney did not notify him of his appellate rights and the one-year deadline to file a habeas petition. (*Id.* at 4). The Magistrate Judge determined that trial counsel's failure to inform Petitioner of the one-year limitation to file a federal habeas petition and of his appellate rights does not warrant equitable tolling. (*Id.*). *Moore v. Frazier*, 606 F. App'x 863, 868 (11th Cir. 2015) (citation omitted); *Gholston v. Chatman*, No. 5:16-CV-00195-MTT-CHW, 2017 WL 3474074, at *3 (M.D. Ga. 2017), *R&R adopted*, 2017 WL 3461708, (M.D. Ga. 2017) ("Eleventh Circuit authority suggests that an attorney's failure to advise regarding appellate rights is generally a type of negligence, which does not warrant equitable tolling." (citing *Spears v. Warden*, 605 F. App'x 900, 904 (11th Cir. 2015)). Furthermore, the Magistrate Judge found that Petitioner "failed to demonstrate that he acted with the reasonable diligence necessary to warrant equitable tolling" because he "allowed over eight years to elapse after his conviction became final in October of 2014 before he filed his state habeas petition in November of 2022." (Doc. 18 at 4).

District courts must "conduct a careful and complete review" to determine "whether to accept, reject, or modify" an R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). The court reviews *de novo* the dispositive portions of a magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The court reviews unobjected-to portions of a magistrate judge's order and recommendation for clear error. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

2

Petitioner's Objection to the R&R was due on December 29, 2024, taking into account time for mailing. (Doc. 19). Petitioner's Objection to the R&R (Doc. 20) dated December 30, 2024, was filed on January 8, 2025. Defendant's objection is, thus, untimely. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

But, even considering Petitioner's objection and conducting the relevant *de novo* review, Petitioner's objections are without merit. Petitioner asserts that because it is the district court's sworn duty to "uphold and enforce all rights of the citizen's of the United States of America," it also "has the discretion to address the merits [of his petition] rather than dismissing the petition as time barred which would be in the interest of justice." (Doc. 19 at 7). To show that he is entitled to equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011). Even where an extraordinary circumstance exists, a petitioner "still has the burden to show reasonable diligence." *Jackson v. Sec'y, Dep't of Corr.*, 782 F. App'x 774, 777 (11th Cir. 2019).

Petitioner asserts in his objection that he is entitled to equitable tolling because neither his trial counsel nor the superior court at sentencing informed him of AEDPA's one-year limitation period or his right to file a state habeas petition, and he was not aware that he had a right to file a habeas petition until 2022. (Doc. 19 at 4–5). But, regarding the AEDPA filing deadline, as the Magistrate Judge explained, "pro se litigants, like all others, are deemed to know of the one-year statute of limitations" and attorney negligence in informing Petitioner of habeas filing deadlines generally is not considered extraordinary for purposes of equitable tolling. *Moore*, 605 F. App'x at 868; *Spears*, 605 F. App'x at 904). Furthermore, "the law does not require [the sentencing] court, *sua sponte*, to remind a *pro se* litigant that he has only one year to file his claim." *Outler v. United States*, 485 F.3d 1273, 1283 n.4 (11th Cir. 2007).

3

To the extent Petitioner claims that the sentencing court failed to inform him of his state habeas rights, under Georga law, the sentencing court is required to notify the defendant of the filing deadline for a state habeas petition. O.C.G.A. § 9-14-42(d).[1] The record does not include a transcript of the sentencing hearing. (*See* Docket). But, considering the facts in the light most favorable to Petitioner, the Court will presume that the sentencing court did not inform Petitioner of the state deadline. *Harris v. Tatum*, No. 1:10-CV-65 (WLS), 2011 WL 53197, at *1 (M.D. Ga. Jan. 5, 2011) (presuming that petitioner was not advised of the state habeas deadline by the sentencing court when transcript did not form part of the record and "find[ing] that said omission is insufficient to qualify for the 'extraordinary remedy' of equitable tolling"). Section 9-14-42(d), however, does not require the sentencing court to advise Petitioner of the deadline for filing a federal habeas petition or in any way implicate the AEDPA. Thus, the sentencing court's presumed error related to the filing of the state habeas petition is not relevant to this analysis. Petitioner had one year after his conviction became final to file his federal petition. Because Petitioner did not file a direct appeal, his conviction became final on September 16, 2014. (*See* Doc. 18 at 2). Notably, Petitioner does not allege any barrier to filing a direct appeal. Thus, regardless of any error on the part of the sentencing court related to his state habeas petition, Petitioner has not alleged any error affecting this action.

Moreover, Petitioner has not shown reasonable diligence. Petitioner asserts that he was reasonably diligent because he filed a habeas petition as soon as he "became aware of his constitutional right violation and the procedural law writ of habeas corpus" in 2022. (Doc. 19 at 5). But Petitioner makes no showing that he took any steps to learn about his rights in the eight years following his conviction. *See Melson v. Comm'r, Ala. Dep't of Corr.*, 713 F.3d 1086, 1090 (11th Cir. 2013) ("[Petitioner's] complete inaction during the more than three and a half years that passed between when his state court judgment became final in March 2001 and when he filed his federal habeas petition in December 2004 is insufficient to establish reasonable diligence."); *Spears*, 605 F. App'x at 905 (finding lack

---

[1] "At the time of sentencing, the court shall inform the defendant of the periods of limitation [for filing a state habeas petition] set forth in subsection (c)" of O.C.G.A. § 9-14-42. O.C.G.A. § 9-14-42(d).

4

of reasonable diligence where a petitioner failed promptly to "seek information about his appeal or post-conviction rights" due to procedural confusion); *Andrews v. Middlebrooks*, 2012 WL 12952718, at *5 (N.D. Ga. Jan. 12, 2013) ("The only potentially applicable exception to the one-year time limitation in § 2244(d)(1)(D) is the trial court and his attorney's failure to inform him of his ability to challenge his conviction and sentence. Mr. Andrews has not, however, provided any basis for the Court to find that he exercised due diligence from April 24, 1996, until he filed his petition for post-conviction relief in state court in July 2009."). Thus, the Court has no basis to find reasonable diligence on the record provided. Accordingly, Petitioner's objections are **OVERRULED**.

The Court reviews the remaining portions of the R&R for clear error and finds none. (*See* Doc. 18). Accordingly, upon a careful and complete consideration of the record, the R&R (Doc. 18) is **ACCEPTED, ADOPTED,** and made the Order of this Court for reason of the findings made and explanations stated therein. The Motion to Dismiss Petition as Untimely (Doc. 14) is **GRANTED**, the Petition (Docs. 1, 11) is **DISMISSED without prejudice**, and a Certificate of Appealability is **DENIED**.

**SO ORDERED**, this 28th day of August, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**